1

2

3

4

5

6

7

8        **IN THE UNITED STATES DISTRICT COURT**

9        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DAMON BENTLEY FRANKLIN,              No.  2:23-CV-1140-DMC-P

12                  Plaintiff,

13        v.                                ORDER

14    E. WEBB,

15                  Defendant.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Defendant's unopposed motion to compel

19    Plaintiff's attendance at his deposition.  See ECF No. 30.

20            The purpose of discovery is to "remove surprise from trial preparation so the

21    parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22    Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23    26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24    permitted:

25            Parties may obtain discovery regarding any nonprivileged information that
              is relevant to any party's claim or defense and proportional to the needs of
26            the case, considering the importance of the issues at stake in the action, the
              amount in controversy, the parties' relative access to relevant information,
27            the parties' resources, the importance of the discovery in resolving the
              issues, and whether the burden or expense of the proposed discovery
28            outweighs its likely benefit. Information within this scope of discovery

                                              1

1    need not be admissible in evidence to be discoverable.

2    Fed. R. Civ. P. 26(b)(1).

3    Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4    may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5    Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6    incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7    discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8    Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9    Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10    Under Rule 37, the party moving to compel bears the burden of informing the

11    court (1) which discovery requests are the subject of the motion to compel, (2) which of the

12    responses are disputed, (3) why the party believes the response is deficient, (4) why any

13    objections are not justified, and (5) why the information sought through discovery is relevant to

14    the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

15    LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-

16    5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

17    2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See

18    Fed. R. Civ. P. 37(a)(1).

19    On July 3, 2024, Defendant served on Plaintiff a notice of Plaintiff's deposition to

20    occur on September 5, 2024. See ECF No. 30, pg. 6. Plaintiff refused to appear. See id. Given

21    this background, the Court finds that Defendant has met Defendant's burden of establishing that

22    an order compelling discovery is warranted. The Court will, therefor, grant Defendant's

23    unopposed motion, direct Plaintiff to appear at his properly noticed deposition, and re-set a

24    schedule for this case.

25    / / /

26    / / /

27    / / /

28    / / /

2

Accordingly, IT IS HEREBY ORDERED as follows:

1.     Defendant's unopposed motion to compel, ECF No. 30, is granted.

2.     Plaintiff shall appear at his properly noticed deposition to occur within 60 days of the date of this order.

3.     The parties may conduct discovery until June 20, 2025.   All requests for discovery pursuant to Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45 shall be served not later than sixty days prior to this date.  Any motions necessary to compel discovery shall be filed by this date.

4.     All pre-trial motions, including dispositive motions and excluding motions to compel discovery, shall be filed not later than 120 days after the discovery cut-off date specified above.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions pursuant to Federal Rules of Civil Procedure 7, 11, 12, 15, 41, 55, 56, 59, and 60, and Local Rule 110, shall be briefed pursuant to Local Rule 230(l).  Failure to timely oppose such a motion may be deemed a waiver of opposition to the motion.  See Local Rule 230(l).  Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.  Opposition to all other motions need be filed only as directed by the Court.

Dated:  December 12, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE