IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON BENTLEY FRANKLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>E. WEBB,<br><br>    Defendant. | No. 2:23-CV-1140-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court are: (1) Defendant's motion for terminating sanctions, ECF No. 39; (2) Defendant's motion to compel responses to written discovery, ECF No. 40; and (3) Defendant's motion for an order staying outstanding discovery deadlines, ECF No. 41.

        In Defendant's motion for terminating sanctions, Defendant states that such sanctions are warranted for Plaintiff's failure to attend his deposition as previously ordered by this Court. See ECF No. 39. On July 3, 2024, Defendant served on Plaintiff a notice of Plaintiff's deposition to occur on September 5, 2024. See ECF No. 30, pg. 6. Plaintiff refused to appear. See id. On October 25, 2024, Defendant filed a motion to compel Plaintiff's attendance at his deposition. See ECF No. 30. Plaintiff did not file an opposition. On December 13, 2024, the Court issued an order granting Defendant's unopposed motion and directed Plaintiff to appear at his properly noticed deposition within 60 days. See ECF No. 33. On February 11, 2024, the

1  Court granted Defendant's motion to extend the deadline for completion of Plaintiff's deposition
2  to April 12, 2025.  See ECF No. 35.  On February 27, 2025, mail directed to Plaintiff
3  (specifically, the February 11, 2024, order) was returned undelivered with the notation "refused."
4  　　　　　In the pending motion for terminating sanctions, Defendants indicate that they
5  noticed Plaintiff's deposition to occur on April 2, 2025.  See ECF No. 39, pgs. 4-5.  While
6  Plaintiff appeared on April 2, 2025, and agreed to go on the record, Plaintiff repeatedly obstructed
7  the questioning and, after 30 minutes, unilaterally terminated the deposition.  See id. at 5.  Based
8  on this procedural history, Defendant now moves for terminating sanctions.  See ECF No. 39.
9  Plaintiff has not filed an opposition to Defendant's motion.
10 　　　　　The court must weigh five factors before imposing terminating sanctions.  See
11 Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal
12 Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in
13 expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of
14 prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;
15 and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52,
16 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate
17 sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone,
18 833 F.2d at 132-33 & n.1.  Terminating sanctions are authorized under Federal Rule of Civil
19 Procedure 37 for violation of a Court order related to discovery.  See Fed. R. Civ. P. 37(b)(2)(v).
20 　　　　　Here, the Court finds that terminating sanctions are appropriate.  Plaintiff's refusal
21 to attend and complete his deposition as previously ordered thwarts the public's interest in
22 expeditious resolution of this case on the merits.  Plaintiff's non-compliance with the Court's
23 prior order also prejudices Defendant's ability to defend in this action.  Finally, given Plaintiff's
24 pro se and indigent status, less drastic sanctions are insufficient.  In this regard, the Court notes
25 that Plaintiff has been repeatedly warned throughout this litigation that failure to comply with this
26 Court's orders may result in dismissal of the action.
27 / / /
28 / / /

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is ORDERED that Defendant's motion to stay outstanding case deadlines, ECF No. 41, is granted pending final ruling by the assigned District Judge on Defendant's motion for terminating sanctions.

3. It is RECOMMENDED that Defendant's unopposed motion for terminating sanctions, ECF No. 39, be granted and that this action be dismissed without prejudice for lack of prosecution and failure to comply with court rules and orders.

4. It is RECOMMENDED that Defendant's motion to compel responses to written discovery, ECF No. 40, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 9, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE